FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP - 1 2020

JAMES N. HATTEN, Clerk
By: Motz Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

IN RE: COURT OPERATIONS UNDER
THE EXIGENT CIRCUMSTANCES
CREATED BY COVID-19 AND RELATED
CORONAVIRUS

GENERAL ORDER 20-01
Seventh Amendment

# ORDER

General Order 20-01, dated March 16, 2020, as amended by orders dated March 30, 2020; April 30, 2020; May 26, 2020; July 1, 2020; July 10, 2020; and August 3, 2020; addresses Court operations for the United States District Court for the Northern District of Georgia under the exigent circumstances created by the Coronavirus Pandemic and the spread of COVID-19. The Sixth Amendment to General Order 20-01, entered August 3, 2020, extended the time periods specified in the Order through and including October 4, 2020.

Data from the Georgia Department of Public Health reflects that the average number of confirmed new COVID-19 cases in the State of Georgia remains significantly in excess of 1,000 cases per day as does the fourteen-day average for daily confirmed cases within the State. These numbers far exceed those that existed at the time the Court entered General Order 20-01. Georgia now ranks fourth in the United States in total cases behind only California, Florida, and Texas. The four counties within Georgia with the most confirmed COVID-19 cases: Fulton, Gwinnett, Cobb, and DeKalb, are all within the Northern District. Together these counties currently account for almost thirty percent of the cases

within the State. While declining from the highs experienced in July, the percentage of those tested for COVID-19 who test positive exceeds ten percent, among the highest positivity rates nationally. As reflected in the data, the prevalence of COVID-19 within the District is far greater than it was on March 16, 2020, when the Court originally entered General Order 20-01.

The total number of COVID-19 deaths in Georgia and the Northern District continues to rise, and no vaccine or cure is available to the general public. There has been no change to the President's declaration of a national emergency under the National Emergencies Act (50 U.S.C. § 1601 et seq.) due to COVID-19 or to the findings of the Judicial Conference of the United States that emergency conditions due to this national emergency have materially affected and will materially affect the functioning of the federal courts generally. Specifically, within the Northern District, emergency conditions have prevented defense counsel from meeting with their in-custody clients and have severely limited communications with those clients in general. These circumstances and others have severely impeded if not prevented counsels' ability to prepare for trial.

As the adverse conditions giving rise to General Order 20-01 have not sufficiently resolved for the Court to expand current operations or return to normal operations, **IT IS HEREBY ORDERED** that General Order 20-01, as amended, is further amended to extend the time periods specified therein through and including the date of November 1, 2020.

**IT IS FURTHER ORDERED** that while there will be no civil or criminal jury trials in any division of the Northern District of Georgia until after November 1, 2020, grand jurors may continue to be summoned and grand jury proceedings may continue to be held; and summonses may be issued to prospective jurors for civil and criminal jury trials scheduled to begin after November 1, 2020.

**IT IS FURTHER ORDERED** that the time period of any continuance entered as a result of this Order (whether that continuance causes a pre-indictment delay or a pre-trial delay) shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further order of the Court or any individual judge, the period of exclusion shall be from March 23, 2020, through and including November 1, 2020. The Court may extend the period of exclusion as circumstances may warrant. This Order and period of exclusion are incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006). The periods of exclusion in the Court's prior orders on this subject, General Order 20-01 and its subsequent amendments, are likewise incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies.

**SO ORDERED** this \_\_\_ day of September 2020.

_____
THOMAS W. THRASH, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**